ARTHUR J. ABRAMOWITZ (AA3724)
JERROLD N. POSLUSNY, JR. (JP7140)
COZEN O'CONNOR
A Pennsylvania Professional Corporation
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000

Proposed Attorneys for the Debtor

---

| | |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| HAAS ENVIRONMENTAL, INC., | : CHAPTER 11 |
| Debtor. | : CASE NO. 13- |
| | : |

## DEBTOR'S VERIFIED MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR TO (I) USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND (II) PROVIDE ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND (B) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

Haas Environmental, Inc. (the "Debtor") hereby moves (the "Motion") for the entry of Interim and Final Orders Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363(c)(2). In support of the Motion, the Debtor respectfully submits as follows:

### Background

1. On August 6, 2013 (the "Petition Date"), the Debtor filed its petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. No trustee or examiner has been appointed in this case. No official committee of unsecured creditors has been appointed in this case.

4. A description of the Debtor's business and the events leading to the filing of this Chapter 11 case is set forth in the first day declaration of Eugene Haas, the Debtor's President (the "Haas Declaration"), which has been filed contemporaneously with the petition commencing this case.

5. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested in this Motion are sections 361 and 363(c)(2) of the Bankruptcy Code.

## Concise Statement of Relief Requested Pursuant to Bankruptcy Rule 4001(b)(1)(B)[1]

6. Pursuant to this Motion, the Debtor requests authority to use the Prepetition Lenders' (defined below) Cash Collateral (defined below). Without the use of the Cash Collateral, the Debtor will be unable to pay its ordinary and necessary business expenses including, but not limited to, payroll and related obligations, taxes, utilities, amounts owed to vendors and service providers, insurance and costs of administration of this Chapter 11 case. As a result, the Debtor would likely cease operations, causing the loss of approximately 170 jobs, and causing irreparable harm to the Debtor, its estate and creditors.

7. To preserve the Debtor's business and assets for the benefit of its estate and creditors and to allow the Debtor to negotiate and propose a Chapter 11 plan of reorganization, the Court should authorize the use of the Cash Collateral in accordance with the proposed Interim Order, and the budget attached to the proposed Interim Order.

8. As further discussed below, the Debtor will provide the Prepetition Lenders with adequate protection in exchange for the use of cash collateral by granting replacement liens on the same assets and in the same priority as the Prepetition Lenders hold on pre-petition assets.

---

[1] This Motion is intended to provide a summary of the relief requested. To the extent there are inconsistencies between the Motion and the terms of the Interim Order, the Interim Order shall govern.

17040553\1

A. <u>Pre-Petition Secured Debt</u>

9. Although the Debtor has not completed a review of its UCC filings, it presently believes that the following parties have liens against, inter alia, the Debtor's cash and accounts:[2]

   a. The Debtor believes that Peoples United Equipment Finance Corp. ("<u>Peoples</u>") holds a first position lien against, <u>inter alia</u>, the Debtor's accounts, and several of the Debtor's pieces of equipment and vehicles. The Debtor believes that the present balance owed to Peoples is approximately $3,214,000.

   b. The Debtor believes that Commercial Credit Group ("<u>Commercial Credit</u>") holds a second position lien against, <u>inter alia</u>, the Debtor's accounts, and a first lien position against several of the Debtor's pieces of equipment and vehicles. The Debtor believes that the present balance owed to Commercial Credit is approximately $2,480,000.

   c. The Debtor believes that Sovereign Bank ("<u>Sovereign</u>") holds a third position lien against, <u>inter alia</u>, the Debtor's accounts. The Debtor believes that the present balance owed to Sovereign is approximately $784,000.

10. As of the Petition Date, the Debtor's accounts receivable total approximately $1,220,000, which amount the Debtor expects will increase between the Petition Date and the end of 2013.

11. The Debtor believes that other entities hold liens against other of the Debtor's vehicles and pieces of equipment.

12. As security for the payment of the indebtedness to Peoples, Commercial Credit and Sovereign, the Debtor granted to each of them a security interest in and liens upon certain of the Debtor's property and assets as more fully described in the applicable loan documents (all such property, as the same existed on or at any time prior to the Petition Date, together with all

---

[2] The Debtor has not yet completed its review of UCC filings, recorded mortgages, or judgments. As such, the Debtor reserves the right to contest any asserted liens if the Debtor determines, in its ongoing investigation, that there is any basis to contest such lien, including but not limited to, that the party asserting a lien was not properly perfected on the Petition Date.

cash and non-cash proceeds thereof, being hereinafter referred to as, the "Prepetition Collateral" and such liens thereon shall be referred to as the "Prepetition Liens").

13. The Debtor's present investigation indicates that all cash of the Debtor wherever located on the Petition Date represents either proceeds of loans from Peoples, Commercial Credit or Sovereign or proceeds of the Prepetition Collateral. Pursuant to the applicable loan documents and section 552(b) of the Bankruptcy Code, the Debtor presently believes that Peoples, Commercial Credit, and Sovereign have valid, duly perfected liens upon and security interests in and to all of the cash of the Debtor, and these funds, along with the proceeds of the Prepetition Collateral, constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code.

14. An immediate and critical need exists for the Debtor to be permitted access to funds in order to prevent a disorderly termination or disruption of the Debtor's business.

15. The proposed Interim Order attached hereto as Exhibit "A" is vital to avoid immediate and irreparable harm to the Debtor's estate. Absent such use, the Debtor's estate will not have any funds to satisfy its postpetition obligations. Allowing the use of such cash collateral therefore is in the best interest of the Debtor's estate.

16. Pursuant to the Bankruptcy Code and in light of the foregoing, the Debtor is required to provide adequate protection to Peoples, Commercial Credit and Sovereign in respect of the Debtor's use of their respective collateral.

B. The Bank Accounts

17. Prior to the Petition Date, as part of a centralized cash management system, the Debtor maintained bank accounts with Sovereign Bank and TD Bank (the "Bank Accounts").

18. The Debtor's primary Bank Accounts, include an operating account (the "Operating Account"), a payroll account (the "Payroll Account"), and a general account.

19. All of the Debtor's disbursements, including funding of payroll, are made from the Operating Account. The Debtor's employees are paid every Thursday. On a weekly basis, funds are transferred from the Operating Account to the Payroll Account. Paychecks are cashed through the Payroll Account while the payroll tax liabilities and garnishment monies are transferred to PayChex, Inc. ("PayChex") whom the Debtor outsources for its payroll services. Due to the amount of the payroll taxes, the Debtor is required by law to participate in the EFT program. Any changes to the Payroll Account would adversely affect the timely payment of the required payroll and payroll taxes.

### Relief Requested

20. By this Motion, the Debtor seeks authority to use cash collateral pursuant to 11 U.S.C. §§ 361 and 363.

### Basis for Relief

21. The Debtor presently has approximately $1,220,000 of pre-petition accounts receivable. The proceeds of these accounts receivable constitute "cash collateral" within the meaning of 11 U.S.C. § 363(a).

22. Peoples, Commercial Credit and Sovereign are adequately protected as required by 11 U.S.C. §§ 361, 363 or 364 because: (a) the value of each of their security will not deplete during the pendency of this Chapter 11 case; and (b) the Debtor has agreed to provide replacement post-petition liens as adequate protection.

23. An immediate need exists for the Debtor to obtain funds in order to continue its operations as a debtor-in-possession. If the Debtor is not authorized to use cash collateral, it may be required to terminate operations and this in turn would have a substantial detrimental and immediate effect causing irreparable and substantial harm to other parties in interest to these proceedings, including but not limited to the Debtor's approximately 170 employees, unsecured creditors, and other claimants. If the relief requested is not granted, all of the Debtor's

employees will likely be laid off, operations will cease, and assets will be liquidated. Accordingly, the Debtor requests that it be permitted to use the cash collateral on an interim basis pursuant to the terms of the proposed Interim Order attached hereto as Exhibit "A", until the Court can make a final determination at a subsequent hearing.

24. Among other things, entry of the Interim Order and the Final Order will maximize the value of the Debtor's assets and will promote the best interests of the Debtor, creditors, and the estate.

25. As adequate protection for the Debtor's use of cash collateral, the Debtor proposes to grant the Prepetition Lenders replacement liens on the same assets and in the same priority as they held on pre-petition assets.

26. Attached is a projection of receipts and disbursements through the end of 2013. It is in the best interest of all parties involved to have the Debtor continue operations, because cessation of operations would impair the possibility that unsecured creditors would receive any distribution and substantially reduce distribution to the secured creditors than would be realized under a Chapter 11 reorganization.

27. By separate application filed simultaneously herewith, the Debtor has requested that the Court shorten the notice period and grant an expedited interim hearing on the Motion so that the Debtor has sufficient funds to meet certain of their expenses in order to continue operations.

28. Pursuant to Bankruptcy Rule 4001, the Debtor respectfully requests that it be authorized to provide notice of the Interim Hearing and the Final Hearing on this Motion by serving a copy of the Motion, together with a copy of the Interim Order by hand, overnight mail, first class mail, facsimile or, to the extent previously agreed by the party to be served, by electronic mail, upon (a) the Office of the United States Trustee, (b) the Secured Lenders, (c) the

17040553\1

Internal Revenue Service, (d) the New Jersey Attorney General, (e) the Debtor's twenty largest unsecured creditors, and (f) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002. The Debtor believes that such notice to such parties is reasonably calculated to inform creditors regarding the emergency relief that is being requested and is sufficient under the circumstances.

### Extraordinary Provisions of the Cash Collateral Orders

29.    Pursuant to the General Order Adopting Guidelines for Financing Requests, all "extraordinary provisions" contained in a cash collateral or financing order must be disclosed conspicuously in the motion and justification provided therefore. The Debtor is not aware of any "extraordinary provisions" in the proposed Interim and/or Final Orders.

WHEREFORE, the Debtor respectfully requests entry of the accompanying Order in the form annexed hereto, and for such other and further relief as is just and proper.

Dated: August 6, 2013                    COZEN O'CONNOR, P.C.

                                         By:  _/s/ Jerrold N. Poslusny, Jr._
                                              Arthur J. Abramowitz
                                              Jerrold N. Poslusny, Jr.

                                              Proposed Attorneys for the Debtor

17040553\1

## VERIFICATION

Eugene Haas of full age, certifies and states as follows:

1. I am the President of Haas Environmental, Inc.[3], and I am fully authorized to make this Verification on the Debtor's behalf.

2. I have read the foregoing Motion and I hereby certify and verify that all of the statements contained therein are true.

3. I hereby verify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

*[signature]*
Eugene Haas

Dated: August 6, 2013

---

[3] Unless otherwise defined capitalized terms shall have the same meaning ascribed to them in the Motion.