**ARTHUR J. ABRAMOWITZ (AA3724)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**
308 Harper Drive
Suite 200
Moorestown, NJ  08057
(856) 662-0700

Attorneys for the Debtor

---

| | |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
|  | FOR THE DISTRICT OF NEW JERSEY |
| HAAS ENVIRONMENTAL, INC., | : |
|  | CHAPTER 11 |
| Debtor. | : |
|  | CASE NO. 13-27297 (KCF) |
|  | : |

---

## DEBTOR'S VERIFIED MOTION FOR ENTRY AN
## ORDER AUTHORIZING THE SALE OF PROPERTY FREE AND CLEAR
## OF ALL LIENS, CLAIMS, AND ENCUMBRANCES

Haas Environmental, Inc. (the "Debtor"), as debtor and debtor in possession, by its

counsel, Sherman, Silverstein, Kohl, Rose, & Podolsky, P.A. files this motion (the "Motion")

pursuant to sections 105, 363 of Title 11 of the United States Code (the "Bankruptcy Code") and

Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), for entry of an order authorizing the sale and conveyance (the "Sale") of the Property

(as defined below), free and clear of all liens, claims, and encumbrances, to Ellsworth Scherich

(the "Buyer"), or any other third-party offering higher and better terms to those offered by Buyer.

In support of this Motion, the Debtor respectfully represents as follows:

### Background

1.      On August 6, 2013 (the "Petition Date"), the Debtor filed its petition for relief

under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") with the United

States Bankruptcy Court for the District of New Jersey (the "Court").

2.    The Debtor is operating its business and managing its property as debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.    No trustee or examiner has been appointed in this case.

4.    An official committee of unsecured creditors (the "Committee") was appointed on August 23, 2013 and has been actively involved in this case since that time.

5.    A detailed description of the Debtor's business and facts precipitating the filing of the Debtor's Chapter 11 proceeding is set forth in the Certification of Eugene Haas, filed with the Court on the Petition Date.  The facts set forth in that certification are incorporated herein by reference.

6.    The Debtor owns property located at 1210 Grandview Road, Glen Dale, West Virginia (the "Property"), which the Debtor no longer needs for its operations.

7.    By Order dated July 31, 2014, Kennen & Kennen Inc. (the "Realtor") was retained to market the Property for sale.[1]  The Realtor marketed the Property with an asking price of $114,900.

8.    The Realtor was able to successfully market the Property and the Debtor and Buyer have entered into a Real Estate Purchase Agreement (attached as Exhibit "A"), whereby Buyer agreed to purchase the Property for $99,000.  The Buyer's offer is for cash and seeks to close by December 31, 2014, and if possible, by December 19, 2014.

9.    The Debtor obtained a title report related to the Property as of August 30, 2013, which report shows that there are no liens or judgments against the Property.  Therefore, the Debtor believes that the Property is not subject to any liens, security interests, or claims ("collectively, the "Liens").

---

[1] The Debtor will escrow the Realtor's commission subject to the filing and approval of a fee application.

1043608.1

10.     The Court has jurisdiction over this Motion under 28 U.S.C. § 1334, which is a

core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11.     The relief sought in this Motion is based upon sections 105 and 363 of the

Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014.

### Relief Requested

12.     By this Motion the Debtor seeks entry of an order pursuant to 11 U.S.C. § 363

approving the sale of the Property, free and clear of Liens to the Buyer or a third party that

makes a higher and better offer.

### Basis for Relief

13.     In furtherance of its strategy to liquidate certain assets and streamline operations,

the Debtor, in the exercise of its sound business judgment, has determined that the sale of the

Property to the Buyer will generate the maximum return for the Property.

### A. Sale Free and Clear of Liens

14.     Pursuant to 11 U.S.C. § 541, the Property is an asset of the Debtor's estate. In

accordance with 11 U.S.C. §§ 363 and 1107, a debtor-in-possession is authorized to sell property

of the estate to realize the value thereof and maximize recoveries to the estate for creditors.

15.     Section 363 of the Bankruptcy Code provides that "[t]he trustee, after notice and a

hearing, may use, sell, or lease, other than in the ordinary course of business, property of the

estate." 11 U.S.C. § 363(b)(1).

16.     In accordance with 11 U.S.C. § 363(f), a debtor may sell property under section

363(b):

> free and clear of any interest in such property of an entity other
> than the estate, only if --
>
> (1) applicable nonbankruptcy law permits sale of such property
> free and clear of such interest;

3

(2)  such entity consents;

(3)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)  such interest is in bona fide dispute; or

(5)  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

17.    The Debtor proposes to sell the Property free and clear of all Liens that may be asserted by any entity claiming an interest therein.  The Debtor is unaware of any Liens on the Property.

B.  Approval of the Sale is Warranted

18.    Approval of a sale is appropriate if the Court finds the transaction represents a reasonable business judgment on the part of the debtor.  See In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983).  See also Stephens Indus. v. McClung, 789 F.2d 386 (6th Cir. 1986), In re Coastal Indus., Inc., 63 B.R. 361 (N.D. Ohio 1986).

19.    In light of the Debtor's decision to streamline its operations and to fund its plan of reorganization (the "Plan"), the Debtor has determined that the sale to the Buyer pursuant to the above terms is appropriate and in the best interest of its estate and all parties in interest.

20.    The Debtor anticipates that it will recover approximately $90,000 from the sale of the Property after payment of fees to the Realtor and any closing costs.  The terms of the sale were reached as a result of good faith, arm's length negotiations between the Debtor and the Buyer.  Moreover, the Sale is subject to third parties making higher and better offers to purchase the Property.  Therefore, the Debtor submits that The Buyer is entitled to the protection of 11 U.S.C. § 363(m) as a good faith purchaser.

1043608.1

21.     The sale will help enable the Debtor to fund the Chapter 11 case.[2] Moreover, the sale will enable the Debtor to avoid payment of unnecessary administrative claims and expenses associated with the continued ownership of the Property such as real estate taxes, insurance and utilities. The Debtor further believes that the sale price is the highest and best offer that the Debtor will be able to obtain for the Property.

22.     The sale, consistent with 11 U.S.C. § 363, is appropriate and warranted in these circumstances, is in the best interests of the Debtor's estate, creditors, and other parties in interest and, therefore, should be approved.

23.     If any creditor claims an interest in the proceeds of the sale, the Debtor submits that one or more of the subsections of 11 U.S.C. § 363(f) applies, and that any such interest or claim will be adequately protected by having such interests attach to the proceeds of the sale, subject to any claims and defenses the Debtor may possess with respect thereto.

WHEREFORE, the Debtor respectfully requests that the Court: (i) grant the Motion; (ii) authorize the sale of the Property; (iii), and grant such other and further relief as is just and proper.

> SHERMAN, SILVERSTEIN, KOHL,
> ROSE & PODOLSKY, P.A.
>
> By:____/s/ Jerrold N. Poslusny, Jr.____
> Arthur J. Abramowitz
> Jerrold N. Poslusny, Jr.
>
> Attorneys for the Debtor

Dated:  December 5, 2014

---

[2] The Debtor intends to utilize the net proceeds to make partial payments of previously allowed professional fees in the case. Although previous versions of the Debtor's plan had proposed to escrow these funds, the Debtor submits the net effect to creditors will be the same because any payments will reduce the Debtor's existing obligations to professionals. The first use of the proceeds of sale of the Property was to be for payment of professional fees.

1043608.1

## VERIFICATION

Eugene Haas, of full age, certifies and states as follows:

1.      I am the President of Haas Environmental, Inc.[3], and am fully authorized to make this Verification its behalf.

2.      I have read the foregoing Motion and I hereby certify and verify that all the statements contained therein are true.

3.      I hereby verify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me is wilfully false, I am subject to punishment.

_Eugene Haas_

Dated: December 5, 2014

---

[3] Unless otherwise defined capitalized terms shall have the meaning ascribed to them in the Motion.

6

1043608.1