# EXHIBIT "A"

AMAR A. AGRAWAL, ESQUIRE
DOUGLAS J. FERGUSON, ESQUIRE
EISENBERG, GOLD, CETTEI & AGRAWAL, P.C.
1040 North Kings Highway, Suite 200
Cherry Hill, New Jersey 08034
(856) 330-6200
Attorneys for Secured Creditor, Liberty Bell Bank
File No. LB-281-G

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY (TRENTON)

| In Re | Chapter 11 |
|---|---|
| Haas Environmental, Inc. | Case No. 13-27297-KCF |
| Debtor(s). | |

## STIPULATION OF SETTLEMENT BETWEEN DEBTOR, HAAS ENVIRONMETNAL, INC., EUGENE HAAS, KIMBERLY HAAS AND LIBERTY BELL BANK

Haas Environmental, Inc. (the "Debtor"), Eugene M. Haas and Kimberly Haas (collectively "Haas") and Liberty Bell Bank (the "Bank") (collectively the "Parties") stipulate as follows:

### RECITALS

A.   On or about October 31, 2008 Haas and Kimberly Haas, (collectively with Haas, the "Co-Obligors") being indebted to the Bank in the sum of Three Hundred and Fifty Thousand ($350,000.00) Dollars, executed to it a certain promissory note (the "Note") of that date to secure that sum payable with a variable rate of interest initially at 8.00%.

B.   As set forth in the loan proceeds letter dated June 18, 2008, the proceeds of the Note were to have been used for working capital for a contract Debtor signed with the City of New Orleans. The work for that contract began on May 1, 2008, and called for Debtor to clean 1,500,000 feet of pipe and as many as 40,000 catch basins and storm drains. The Debtor and Co-Obligors dispute that the funds were used for this purpose.

Page 1 of 8

1224771.2

C.  In order to secure the indebtedness, on or about October 31, 2008 Debtor executed an unlimited commercial guaranty (the "Guaranty"), guaranteeing and assuming any and all obligations and indebtedness of Co-Obligors under the Note.

D.  To further secure the payment of the Note, Debtor made and delivered to the Bank a certain mortgage on October 31, 2008 in the amount of $350,000.00 and thereby conveyed to it in fee the premises therein contained (the "Mortgaged Premises"), on the express condition that such conveyance should be void if payment should be made in accordance with the terms of the Note. Said mortgage was duly recorded in the Office of the Clerk of Burlington County on November 14, 2008 in the Burlington County Clerk's Office, Book 11898 at Page 527.

E.  On or about March 30, 2013, Co-Obligors defaulted under the terms of the Note, and Debtor defaulted on its obligations under the Guaranty of the Note, thus defaulting upon the Mortgage.

F.  The Debtor filed its voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") on August 6, 2013 (the "Petition Date").

G.  The Debtor continues to conduct its affairs as a debtor-in-possession pursuant to Section 1107 and 1108 of the Bankruptcy Code.

H.  As of February 1, 2015, the Debtor and Co-Obligors are twenty-four (24) months in arrears to the Bank in the sum of Seventy Thousand Eight Hundred and Forty-Eight ($70,848.24) Dollars and Twenty-Four Cents (the "Arrears").

I.  In addition, Debtor has failed to make any adequate protection payments to the

Bank.

J.  In lieu of the Bank filing a Motion for Relief from the Automatic Stay, Debtor and the Bank have agreed to the following terms set forth in this Stipulation of Settlement (the "Stipulation").

**NOW THEREFORE**, in consideration for the promises, covenants and conditions set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  **Recitals.** The Parties hereby acknowledge and affirm that the recital clauses set forth above are made an integral part of this Stipulation and are true and correct as set forth herein.

2.  **Payments.** Debtor and Co-Obligors agree to pay to the Bank as follows:

    a.  **Adequate Protection Payments.** For a period of twelve (12) months, Debtor or Co-Obligors shall pay the sum of One Thousand ($1,000.00) Dollars per month beginning March 1, 2015 (the "Twelve Month Payments"). Until such time as this Stipulation is approved by the Bankruptcy Court, the Twelve Month Payments shall be escrowed with Debtor's attorneys, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. Within five (5) days of the Bankruptcy Court's approval of the Stipulation, the escrowed Twelve Month Payments shall be turned over to the Bank. Thereafter, Debtor or Co-Obligor shall make the Twelve Month Payments directly to the Bank in accordance with the terms of this paragraph. In no event shall the Twelve Month Payments turned over to the Bank be less than Twelve Thousand ($12,000.00) Dollars or be paid later than March 1, 2016. Debtor and Co-Debtor further acknowledge that as of February 1, 2015 the Arrears total of Seventy Thousand Eight Hundred and Forty-Eight ($70,848.24)

Dollars and Twenty-Four Cents, which amount is due and owing to the Bank. Debtor and Co-Obligors agree that within sixty (60) days of all payments having been made to Class 8 Creditors as that term is defined in Debtor's Fourth Amended Plan of Reorganization (the "Plan"), Debtor and Co-Obligors shall pay Two Thousand Five Hundred ($2,500.00) Dollars per month on the first (1st) day of each month until the thirty-eighth (38th) month after the Effective Date of the Plan, as that term is defined in the Plan, directly to the Bank. On the first (1st) day of month thirty-nine (39) after the Effective Date of the Plan, Debtor and Co-Obligors shall make one (1) lump sum balloon payment of all outstanding Arrears directly to the Bank (collectively, these monthly payments along with the final balloon payment shall be referred to as the ""Adequate Protection Payments"").

    b.   **Mortgage Payments.** In addition to the Twelve Month Payments, Debtor and Co-Obligors agrees to resume regular monthly mortgage payments in the amount of Two Thousand Nine Hundred and Fifty-Two ($2,952.01) Dollars and One Cent per month beginning February 1, 2015 (the "Mortgage Payments"). Until such time as this Stipulation is approved by the Bankruptcy Court, Debtor and Co-Obligors shall escrow these Mortgage Payments with Debtor's attorneys, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. Within five (5) days of the Bankruptcy Court's approval of the Stipulation, Debtor and Co-Obligors shall turn over all escrowed Mortgage Payments to the Bank. Thereafter, Debtor and Co-Obligors shall continue to make the Mortgage Payments directly to the Bank until October 30, 2028, the Maturity Date as set forth in the Note.

3.   **Real Estate Taxes and Insurance.** Debtor and Co-Obligors shall maintain all

existing and outstanding real estate taxes and water and sewer charges current and shall maintain their insurance premiums current on the Mortgaged Premises.

4. **Default.** Should Debtor and Co-Obligors fail to make any one (1) payment as set forth herein or fail to comply with any other term of this Stipulation, Debtor and Co-Obligors shall be deemed to be in default of this Stipulation. The Bank shall provide ten (10) day notice of the default(s), and Debtor and Co-Obligors shall have twenty (20) days from the date of said notice to cure the default(s). If Debtor and Co-Obligors fail to cure the default(s), in the sole discretion of the Bank, the Bank shall be permitted upon certification to the Bankruptcy Court to the entry of an order vacating the automatic stay with respect to the Mortgaged Premises. The Bank's failure or delay in enforcing any default(s) hereunder shall not be a waiver of same, and the Bank's right to an order vacating the automatic stay with respect to the Mortgaged Premises shall remain enforceable.

5. **Acknowledgement of Validity.** Debtor and Co-Obligors acknowledges the validity, enforceability and priority as a first mortgage lien of the Note and Mortgage, said Mortgage being recorded on November 14, 2008 in the Burlington County Clerk's Office, Book 11898 at Page 527. Debtor and Co-Obligors waive any right to challenge the validity, enforceability and priority as a first mortgage lien of said Note and Mortgage in the above captioned legal proceeding or any other legal proceeding.

6. **Incorporation.** This Stipulation shall be incorporated into Debtor's Chapter 11 Plan and/or an Order of Confirmation, and the Bank shall vote in favor of confirmation of the Debtor's Chapter 11 Plan.

7. **Modifications; Amendments.** Neither this Stipulation nor any of its terms may be modified, altered, amended or waived, except in writing signed by the Parties.

8.  **Binding Effect.** This Stipulation shall be binding upon all successors and assigns of the Parties and on any Chapter 7 or 11 Trustee appointed in Debtor's case irrespective of any conversion to any other chapter of the Bankruptcy Code.

9.  **Terms of the Stipulation.** Each of the Parties acknowledges that it has read and understands the effect of all of the terms of this Stipulation, is entering into this Stipulation voluntarily and without duress and has been represented by competent counsel of its choosing at all times. Each of the Parties further agrees that this Stipulation was the product of negotiations between the Parties and that any rules of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

10. **Authorization.** Each of the Parties represents and warrants that it or he is competent, duly authorized and has the requisite authority to exercise, deliver and perform this Stipulation, and that each of the signatories of this Stipulation is duly authorized, on behalf of the Debtor, Co-Obligors and the Bank, respectively, to sign this Stipulation and bind the Debtor, Co-Obligors and the Bank, respectively, to its terms and conditions.

11. **Merger Clause.** This Stipulation contains the entire agreement between the Parties concerning the subject matter of this Stipulation and supersedes all prior agreements, understandings, discussions, negotiations and undertakings between the Parties concerning the subject matter hereof, whether written or oral.

12. **Choice of Law.** This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New Jersey, without regard to New Jersey's internal rules regarding conflicts of law. Any dispute, action or proceeding arising out of or relating to this Stipulation shall be within the exclusive jurisdiction of the Bankruptcy Court.

13. **Counterparts.** The Parties hereto may sign this Stipulation in two or more counterparts, each of which shall be deemed an original and all of which together shall be considered one and the same instrument. A signature via facsimile or portable document format (pdf) will be deemed to have the same force and effect as an original for purposes of this Stipulation and Order.

14. **Bankruptcy Court Approval.** The portions of this Stipulation applicable to the Debtor are conditioned upon Bankruptcy Court approval.

ATTEST:

By: CARMEN A. CIANOTTA
Title: VICE PRESIDENT
Dated: 4/16/2015

**LIBERTY BELL BANK**
Creditor

John R. Herring, Senior Vice President
Liberty Bell Bank
Dated: 4/16/2015

ATTEST:

By: Sharin Montes
Title: Human Resource
Dated: 4/15/15

**HAAS ENVIRONMENTAL INC.**
Debtor

Eugene M. Haas, President
Haas Environmental, Inc.
Dated: 04/15/15

WITNESS:

By: Sharin Montes
Dated: 04/15/15

**EUGENE M. HAAS**
Co-Obligor

Eugene M. Haas, individually as Co-Obligor
Dated: 04/15/15

1224771.2

WITNESS:                                KIMBERLY HAAS

_____          _____
By:                                     Kimberly Haas, Individually as Co-Obligor

Dated: 04/15/15                         Dated: 04/15/15